***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Royal SunAlliance is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $370.00, yielding a compensation rate of $246.67.
5. On March 17, 2000, plaintiff sustained an injury by accident, and her disability resulting from the injury began on March 18, 2000. Defendants paid plaintiff temporary total disability benefits from March 18, 2000 to April 4, 2000.
6. Plaintiff returned to work on April 4, 2000 and continued working through September 7, 2000.
7. The issues for determination are:
 Whether plaintiff is entitled to temporary total disability benefits from September 8, 2000 to present and continuing?
 Whether plaintiff is entitled to permanent partial disability benefits?
 Whether plaintiff is entitled to payment of past and future medical treatment?
8. The following exhibits were admitted into evidence by stipulation:
(a) Pre-trial Agreement was admitted as Stipulated Exhibit 1.
(b) A set of medical records was admitted as Stipulated Exhibit 2.
 (c) Plaintiff's personnel file from employer-defendant was admitted as Stipulated Exhibit 3.
 (d) A set of Industrial Commission Forms was admitted as Stipulated Exhibit 4.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing, plaintiff was a 31-year-old female with a high school GED. Prior to earning her GED, plaintiff worked at Hardee's as a cashier, at Ingle's grocery store in the deli/bakery and as a sewer in a sewing factory. After obtaining her GED, plaintiff owned her own company that sold, programmed, and installed cellular telephones.
2. Plaintiff began working as a bagger for employer-defendant in August of 1996. Plaintiff's duties included stacking pallets, wrapping pallets, re-stacking pallets, and occasional machinery repair work.
3. On March 17, 2000, plaintiff was re-stacking a pallet when she injured her back. Defendants filed a Form 60 admitting plaintiff sustained a compensable injury by accident. Plaintiff was treated by Dr. Charles Watras of Murphy Medical Center on March 19, 2000. Plaintiff was out of work following her injury until April 4, 2000, when she returned to work with restrictions. Plaintiff was paid total disability benefits for the period she was out of work, and employer-defendant accommodated plaintiff's work restrictions upon her return to work. At the referral of Dr. Watras, plaintiff was evaluated and treated by Dr. James Hoski, an orthopaedic surgeon, on May 3, 2000. Dr. Hoski diagnosed a herniated nucleus pulposus at L5-S1 without radiculopathy. Dr. Hoski recommended physical therapy and continued plaintiff's work restrictions.
4. Plaintiff returned to Dr. Hoski on June 2, 2000 and reported that she was performing light duty work and that therapy was benefiting her. Dr. Hoski recommended that plaintiff return to regular duty two (2) hours a day and that she continue light duty six (6) hours a day for one week, followed by a weekly increase in regular duty by one (1) hour until she was at full time regular duty.
5. Plaintiff followed the recommendations of Dr. Hoski and was performing full, regular duty work by the end of June 2000.
6. On August 8, 2000, Dr. Hoski stated plaintiff had reached maximum medical improvement and assigned her a three percent (3%) permanent partial disability rating to her back as a result of her work-related injury.
7. Plaintiff returned to Dr. Hoski on August 23, 2000 after experiencing a flair up of her condition. Plaintiff had been doing well and working full time, regular duty until August 17, 2000, when she shoveled gravel at work. Plaintiff began experiencing low back pain the following day. Dr. Hoski recommended that plaintiff remain off work the rest of that week and that she return to work regular duty the following Monday, August 28, 2000. Dr. Hoski recommended that plaintiff follow up on an as-needed basis.
8. Plaintiff returned to work on September 7, 2000 and had been working for about 30 minutes when she became involved in an altercation with co-worker, Chris Carson. In this altercation, plaintiff threw a piece of scrap metal at Mr. Carson, and they eventually came to blows. After Jerry Dalrymple, plaintiff's supervisor, separated plaintiff from Mr. Carson, plaintiff began walking toward the time clock. Mr. Dalrymp1e instructed plaintiff to stay at work and to not clock out, and further warned her that he would have to report her actions to Scott George, then Vice President of Human Resources, if she left work. Plaintiff disregarded Mr. Dalrymple's instructions and left her place of employment.
9. On September 8, 2000, plaintiff met with Scott George and was informed that she was being terminated for walking off the job despite instructions from her supervisor. In her written Contentions to the Deputy Commissioner, plaintiff states that she does not contest that she was terminated for "misconduct or fault unrelated to the compensable injury for which a non-disabled employee would ordinarily have been terminated." Based upon plaintiff's contentions, and all competent evidence of record, the Full Commission finds that the employer-defendant terminated plaintiff's employment for job abandonment, which is a reason a non-disabled employee would ordinarily have been terminated. Plaintiff was not terminated because she had a back injury from a pending workers' compensation claim.
10. On September 19, 2000, plaintiff returned for evaluation by Dr. Hoski and informed him that she had been terminated. Dr. Hoski recommended a series of lumbar epidural corticosteroid injections, and indicated that plaintiff was capable of returning to sedentary work with restrictions.
11. On April 23, 2002, plaintiff was re-evaluated by Dr. Hoski, who noted that her symptoms were consistent with previous symptoms. Dr. Hoski felt that plaintiff had low back pain consistent with degenerative changes following her injury. Dr. Hoski noted that plaintiff continued to be at maximum medical improvement with a three percent (3%) impairment of her back, and that her work restrictions were unchanged. Specifically, Dr. Hoski found that plaintiff could lift ten (10) pounds occasionally, five (5) pounds frequently, no pounds on a constant basis, and that she should sit or stand as needed.
12. During the period that Dr. Hoski treated plaintiff, other than a few days following his evaluation on August 23, 2000, Dr. Hoski never wrote plaintiff out of work. Dr. Hoski encouraged plaintiff to stay mobile and to return to work.
13. Plaintiff, on her own, sought medical care with Dr. Wood, a family practitioner. Dr. Wood's notes dated October 26, 2001, state that plaintiff was 100% disabled and that she had a 15% lower back and cervical spine injury under AMA guidelines. On December 21, 2001, Dr. Woods wrote that plaintiff has been unable to work, that her prognosis for recovery was poor, and that he did not expect that she could work for the next six months while plaintiff was applying for disability.
14. Having reviewed all of the medical records, and with consideration of the testimony of the lay witnesses, the Full Commission gives greater weight to the opinions expressed by Dr. Hoski concerning plaintiff's work abilities compared to the opinions of Dr. Woods. The Commission notes that Dr. Hoski is an orthopaedic surgeon and that plaintiff's condition is within his area of medical specialty. In contrast, Dr. Woods is a family practitioner who as a primary care doctor is given less weight than the orthopaedic specialist. In addition, Dr. Hoski is plaintiff's authorized treating physician and no evidence was offered to question his competency. Further, the greater weight of the lay evidence is that plaintiff was able to physically perform her employment prior to her discharge. Therefore, the Commission finds that plaintiff was capable of performing, at least, sedentary work within the limitations established by Dr. Hoski.
15. Plaintiff testified that she has made no effort to find employment within her restrictions after being terminated by employer-defendant.
16. Plaintiff failed to establish that she has been incapable of work in any employment since September 8, 2000 as a result of her work-related injury. Likewise, plaintiff has failed to establish that she is capable of some work, but that she has, after a reasonable effort on her part, been unsuccessful in her effort to obtain employment. Plaintiff also has failed to establish that she has been capable of some work, but that such work would be futile due to pre-existing conditions such as age or lack of education. Finally, plaintiff has not established that she has obtained other employment at a wage less than that earned prior to the injury.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with employer-defendant on March 17, 2000. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff was disabled from March 18, 2000 through April 4, 2000, when she returned to work with employer-defendant. Defendants have paid plaintiff total disability compensation at the rate of $246.67 per week for this period of time. N.C. Gen. Stat. § 97-29.
3. Plaintiff was again disabled from August 23, 2000 until September 6, 2000 when she returned to work with employer-defendant. Defendants at the time of the deputy commissioner's decision had not paid plaintiff total disability compensation for this period of time. Accordingly, plaintiff is entitled to total disability compensation at the rate of $246.67 per week from August 23, 2000 through September 6, 2000. N.C. Gen. Stat. § 97-29.
4. Plaintiff was terminated for misconduct and fault, unrelated to her compensable injury, for which a non-disabled employee would ordinarily have been terminated by employer-defendant. Plaintiff's misconduct is deemed to constitute a constructive refusal to perform the work provided and consequent forfeiture of benefits for lost earnings, unless plaintiff is able to show that her inability to find or hold other employment is due to her work related disability. Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996).
5. Plaintiff has failed to meet her burden of establishing disability.Russell v. Lowes Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993). The employee may meet this burden in one of four ways: (1) the production of medical evidence that she is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that she is capable of some work, but that she has, after a reasonable effort on his part, been unsuccessful in her effort to obtain employment; (3) the production of evidence that she is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that she has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993); Tyndall v. Walter Kidde Co.,102 N.C. App. 726, 403 S.E.2d 548, disc. rev. denied, 329 N.C. 505,407 S.E.2d 553 (1991). Under the facts of this case, plaintiff has failed to meet her burden to prove disability. N.C. Gen. Stat. §§ 97-29, 97-30.
6. Plaintiff has reached maximum medical improvement and is entitled to permanent partial disability compensation at the rate of $246.67 per week for nine (9) weeks for the three percent (3%) rating to her back. N.C. Gen. Stat. § 97-31.
7. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25. Defendants shall provide compensable medical care for plaintiff, including but not limited to, arranging for medical examination(s), treatment, and medications, if any, as may be reasonably necessary for plaintiff's injury.
 ***********
Based on the foregoing stipulations, findings of fact, and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendants shall pay total disability compensation to plaintiff at the rate of $246.67 per week from August 23, 2000 through September 6, 2000. Because this compensation has accrued, it shall be paid in a lump sum.
2. Subject to the attorney's fee approved below, defendants shall pay permanent partial disability compensation at the rate of $246.67 per week for nine (9) weeks.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's former counsel, George W. Moore, who acquired the awarded benefits for plaintiff by representing plaintiff through the deputy commissioner hearing when these benefits were first awarded.
4. Defendants shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
5. Defendants shall pay the costs due the Commission.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER